## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LIBERTY BELL CAPITAL II, LP** | : |
| | : |
| **Plaintiff,** | :   **Civil Action No.** |
| | :   **13-CV-04241-FLW-TJB** |
| **vs.** | : |
| | : |
| **WARREN HOSPITAL,** | : |
| **WH MEMORIAL PARKWAY** | : |
| **INVESTORS, L.L.C., WARREN HEALTH** | : |
| **CARE ALLIANCE, P.C.,  and** | : |
| **TWO RIVERS ENTERPRISES, INC.** | : |
| | : |
| **Defendants.** | : |
| | : |

---

## DEFENDANTS' REPLY BRIEF
## IN SUPPORT OF THEIR MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT
## PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

**SILVERANG, DONOHOE,**
**ROSENZWEIG & HALTZMAN, LLC**
Philip S. Rosenzweig, Esquire
Attorney ID No. 020211991
595 E. Lancaster Avenue, Suite 203
St. Davids, PA  19087
Phone:  (610) 263-0115
Fax:  (215) 754-4211

*Attorney for Defendants*
*Warren Hospital,*
*WH Memorial Parkway Investors,*
*Warren Health Care Alliance, P.C.,*
*and Two Rivers Enterprises, Inc.*

Dated:  October 30, 2013

{00414340;2}

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF AUTHORITIES ............................................................................ ii

I.   INTRODUCTION ................................................................................. 2

II.  FACTS .................................................................................................. 3

III. ARGUMENT ....................................................................................... 5

    A.  Plaintiff Has Not Stated A Claim for Breach of Contract ................. 5

    B.  Plaintiff's Asserted Damages Are Unsupportable ............................ 9

IV. CONCLUSION ................................................................................... 10

# TABLE OF AUTHORITIES

**Federal Cases**

*In re Cendant Corp. Sec. Litig.,* 139 F. Supp. 2d 585, 604 n.10 (D.N.J. 2001) ....................................................................................................................5

*Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.,* 210 F. Supp. 2d 552, 561 (D.N.J. 2002)..........................................................................5


**State Cases**

*J.L. Davis & Assocs. v. Heidler,* 263 N.J. Super. 264, 276, 622 A.2d 923 (App. Div. 1993) ......................................................................................11

*Bar on the Pier, Inc. v. Bassinder,* 358 N.J. Super. 473, 480, 818 A.2d 424 (App. Div.), *certif. denied,* 177 N.J. 222, 827 A.2d 289 (2003)..................9

*Borbonus v. Daoud,* 34 N.J. Super. 54, 61, 111 A.2d 443 (Ch. Div. 1955) . 11

*Carroll v. United Airlines, Inc.,* 325 N.J. Super. 353, 358–59, 739 A.2d 442 (App. Div. 1999) ......................................................................................10

*Cromartie v. Cartaret Sav. & Loan,* 277 N.J.Super. 88, 103, 649 A.2d 76 (App. Div. 1994) ......................................................................................11

*E. Brunswick Sewerage Auth. v. E. Mill Assocs.,* 365 N.J. Super. 120, 125, 838 A.2d 494 (App. Div. 2004) ..................................................................9

*George H. Swatek, Inc. v. N. Star Graphics, Inc.,* 246 N.J. Super. 281, 285, 587 A.2d 629 (App. Div. 1991) ................................................................11

*Magnet Resources, Inc. v. Summit MRI, Inc.,* 318 N.J. Super. 275, 293, 723 A.2d 976 (App. Div. 1998) ......................................................................11

*Rahway Hosp. v. Horizon Blue Cross Blue Shield of New Jersey,* 374 N.J. Super. 101, 863 A.2d 1050, 1056 (App. Div. 2005)...................................9

**Other Authorities**

Restatement (Second) of Contracts, § 351 (1981) ........................................11

## I.    <u>INTRODUCTION</u>

Plaintiff's First Amended Complaint[1] should be dismissed by this Court for failure to state a claim upon which relief can be granted. Plaintiff's alleged injury was caused by non-party Hillcrest's redemption of the Property at issue (as described hereinafter).  This fact is not disputed. Plaintiff's ire at Defendants is misplaced.   None of the four Defendants redeemed the Property.   None of the four Defendants asked, instructed, cajoled or forced Hillcrest to redeem the property.    This fact, too, is undisputed.

Plaintiff has not brought Hillcrest before the Court as a party to this litigation.  This is most likely due to the fact that Plaintiff has never had any contractual relationship with Hillcrest.  Nevertheless, Hillcrest's redemption of the Property was entirely foreseeable and proper; Hillcrest acted within the ten-day statutory redemption period, at the direction and under the control of non-party Inmed.  Further, Hillcrest's redemption of the Property was a possibility of which Plaintiff was always well aware throughout the transaction.    These facts are also uncontroverted.    The Plaintiff is a

---

[1] All capitalized terms shall have the meaning ascribed to them in Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

sophisticated for-profit investment partnership well-versed in real estate transactions and the acquisition of distressed debt, and acquired the Hillcrest note and mortgage with full knowledge of the risk inherent in the purchase of mortgage debt. Even so, Plaintiff's purchase of the pertinent mortgage debt was at such a steep discount that when Plaintiff was repaid by Hillcrest at the full face amount of the note upon redemption, Plaintiff reaped significant profits.

Defendants at all times acted in comportment with the Post Foreclosure Agreement, which is the only contract directly invoked in Plaintiff's First Amended Complaint. The plain language of the contract evidences that Defendants were not obligated to deliver title to the Hillcrest property to Plaintiff. Plaintiff's sole claim in the First Amended Complaint for breach of contract should be dismissed with prejudice by this Honorable Court, because Plaintiff's complaints of failure to obtain title and of Hillcrest's redemption are simply not actionable against Defendants. Further, Plaintiff's claimed damages are unsupportable as a matter of law.

## II.   **FACTS**

On November 2, 2011, Liberty Bell, as successor in interest to the original lender, Wells Fargo, entered into a Post-Foreclosure Agreement

{00414340;2}

2

Respecting Status of Leases (the "Post Foreclosure Agreement") with Warren Hospital, WHM, Two Rivers and WHCA, a true and correct copy of which is attached to counsel's certification accompanying Defendants' Motion to Dismiss as Exhibit "B".  Crucially, Hillcrest Medical Plaza, LLC ("Hillcrest"), the titled owner of the property in issue, was not a party to the Post Foreclosure Agreement.

The Post Foreclosure Agreement is the only contract relative to which Plaintiff's First Amended Complaint makes any claims.  The purpose of the Post Foreclosure Agreement was to avoid disruption to the tenants and sub-tenants occupying the Property, in addition to satisfying St. Luke's lease-related condition precedent to the Warren Hospital affiliation.  *See* Post Foreclosure Agreement §§ Q & 4.1-4.3.   Under the Post Foreclosure Agreement, certain sub-leases were preserved, and the obligations of Warren Hospital and WHM under Warren Hospital's master lease and WHM's sublease were waived. *Id.* §§ 2.1 & 3.2.

On November 28, 2011, a sheriff's sale for the Property was held. Liberty Bell was the successful bidder for the Property.  Pursuant to New Jersey law, Hillcrest possessed a right of redemption which could be exercised within ten days of the sheriff's sale, allowing Hillcrest to pay

Liberty Bell the full $10,946,138.40 foreclosure judgment, plus costs, and thereby redeem title to the mortgaged Property.

Under the pertinent terms of the December 8, 2011 Settlement Agreement between Inmed and Defendants, Inmed released all parties to the Inmed Action, the Master Lease was nullified, Inmed acquired WHM's interest in Hillcrest, and Warren Hospital agreed to enter into and guarantee new leases for itself and its affiliates.  After the closing of the Settlement Agreement transactions, Hillcrest, under Inmed's sole ownership and control, exercised its statutory right of redemption with respect to the Property.  Plaintiff Liberty Bell was paid the full amount of the foreclosure judgment, causing it to reap a windfall profit over the discounted price it paid for the Wells Fargo loan facility only a few months prior.

Liberty Bell filed suit against the Defendants on July 11, 2013, claiming breach of contract and breach of fiduciary duty.  On September 27, 2013, Liberty Bell submitted its First Amended Complaint, pleading only breach of contract.  The instant Motion to Dismiss followed.

## III.  ARGUMENT

### A.    Plaintiff Has Not Stated A Claim For Breach of Contract

To state a claim for breach of contract under New Jersey law, the Plaintiff must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations. *See Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002);  *In re Cendant Corp. Sec. Litig.*, 139 F. Supp. 2d 585, 604 n.10 (D.N.J. 2001).  Plaintiff cannot establish the second or third elements set forth above, thus its claim must fail.

In its opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Liberty Bell argues that as a result of Inmed's control over Hillcrest, the Defendants – who are not affiliated with Inmed – "undermined" the Post Foreclosure Agreement. First Am. Compl. p. 9, Pltf. Opp. Br. at 10.    Plaintiff further asserts that Defendants' collective "interference" and "decision to conspire" was "inconsistent" with their duties under the Post Foreclosure Agreement. Pltf. Opp. Br. at 22-23.  Even assuming all facts as pled by Plaintiff to be true and complete, as is required

under the applicable summary judgment standard, these allegations do not satisfy the legal requirements for a valid breach of contract claim.

1.    *Plaintiff's Failure to Obtain Title Cannot Support Plaintiff's Action*

The Post Foreclosure Agreement obligated the Defendants not to contest the foreclosure, an obligation with which Defendants fully complied. By its plain language, the Post Foreclosure Agreement did *not* guarantee Plaintiff *title* to the Property.  Defendants were not contractually obligated to ensure that Plaintiff received title to the Property; Plaintiff does not dispute that point.  And so Plaintiff's breach of contract claim cannot rest upon Plaintiff's failure to obtain title to the Property, as gaining title was indisputably not an element of the contract.

Plaintiff points to Section 2.1 of the Post Foreclosure Agreement to support its allegations of Defendants' obligations thereunder:

> WH Memorial [WHM] and the Hospital Entities [Warren Hospital, WHCA and Two Rivers] hereby consent to the Foreclosure Proceeding, any Sheriff's Sale, and, to the extent that they have legal standing to do so, the Cash Collateral Actions and acknowledge and agree that sufficient legal justification exists for the Foreclosure Proceeding, any Sheriff's Sale, and the Cash Collateral Actions.  WH Memorial and the Hospital Entities shall not contest, cause the stay of, or otherwise delay the Foreclosure Proceeding, any Sheriff's Sale, or the Cash Collateral Actions.  WH Memorial and the Hospital Entities shall take such actions in or with respect to the

> Foreclosure Proceeding, and Sheriff's Sale, or the Cash
> Collateral Actions as the Lender [Liberty Bell] may reasonably
> request to effectuate the terms and provisions and purposes of
> this Agreement.

Post Foreclosure Agreement, Ex. B § 2.1.[2] Liberty Bell made no requests of

Defendants beyond the plain terms of the agreement, nor does Plaintiff

claim to have done so. Defendants' obligations under the letter of the

agreement were to consent to, agree to and acknowledge the validity of the

foreclosure and related proceedings, and to refrain from contesting, delaying

or causing the stay of those proceedings. Defendants fully complied with

these obligations, and the sheriff's sale proceeded without hindrance or

delay.

---

[2]   The relevant terms are defined in the Post Foreclosure Agreement as
follows:

> Lender is prosecuting a foreclosure proceeding under the Mortgage
> (the "Foreclosure Proceeding") and exercised its security interest in a
> control account (the "Control Account") in which Borrower [non-
> party Hillcrest] held approximately $1,300,000 as required by the
> Loan Documents and took possession of the sums therein (the Cash
> Collateral Actions"). WH Memorial and the Hospital Entities . . .
> enter into this Agreement because a sheriff's sale of the Property
> resulting from the Foreclosure Proceeding (a "Sheriff's Sale") will
> cause the Master Lease and Master Sublease to terminate by
> operation of law on account of the foreclosure . . . .

Post Foreclosure Agreement, Ex. B Art. Q.

Plaintiff now asserts that Defendants "halt[ed] the completion of foreclosure," by not delivering title to the Property.   Such a conclusory statement is contrary to the terms of the contract, and contrary to logic and reason.   However, as Plaintiff does not dispute, Defendants *were not contractually obligated to deliver, or ensure delivery of, title.*   The foreclosure proceeding is defined in the Post Foreclosure Agreement as the action prosecuted by the lender under the mortgage.   Post Foreclosure Agreement, Ex. B Art. 4.   Defendants fully complied with Wells Fargo's Foreclosure Action in Warren County Superior Court.   The contract is devoid of any obligation to ensure that Liberty Bell obtained title to the Property.   Had that been the intent of the parties, the contract would so state. Moreover, only Hillcrest held the right of redemption, and Hillcrest is not a party to the Post Foreclosure Agreement.

2.   *Hillcrest's Redemption Cannot Support Plaintiff's Action*

It is clear from the pleadings that Liberty Bell takes issue with Hillcrest's redemption of the Property.  But because Liberty Bell is in privity neither with Hillcrest (which redeemed the Property) nor with Inmed (which directed the redemption), Liberty Bell cannot make a claim regarding the redemption against either of them.  Neither Inmed nor Hillcrest was a party

to the Post Foreclosure Agreement, and neither Inmed nor Hillcrest was bound by its terms.   Further, the Post Foreclosure Agreement does not prohibit, prevent or in any way limit Hillcrest's right of redemption under New Jersey law.

Liberty Bell is stuck with the bargain it struck.   Liberty Bell could have ensured its future ability to secure title to the Property by including in the Post Foreclosure Agreement a waiver of redemption rights.  But to do so, Hillcrest would have had to be a party to the agreement, which it was not. Liberty Bell cannot now ask this Court to rewrite the terms of the Post Foreclosure Agreement, which was forged between sophisticated parties negotiating at arms length.  A "court has no power to rewrite the contract of the parties by substituting a new or different provision from what is clearly expressed in the instrument." *Rahway Hosp. v. Horizon Blue Cross Blue Shield of New Jersey,* 374 N.J. Super. 101, 863 A.2d 1050, 1056 (App. Div. 2005) (quoting *E. Brunswick Sewerage Auth. v. E. Mill Assocs.,* 365 N.J. Super. 120, 125, 838 A.2d 494 (App. Div. 2004)).  Nor may a court "make a better contract for either party, or supply terms that have not been agreed upon." *Bar on the Pier, Inc. v. Bassinder,* 358 N.J. Super. 473, 480, 818 A.2d 424 (App. Div.), *certif. denied,* 177 N.J. 222, 827 A.2d 289 (2003);

*Carroll v. United Airlines, Inc.,* 325 N.J. Super. 353, 358–59, 739 A.2d 442 (App. Div. 1999) ("Where the terms of an agreement are clear, [courts] ordinarily will not make a better contract for parties than they have voluntarily made for themselves, nor alter their contract for the benefit or detriment of either, particularly in a commercial, arms-length setting.").

Defendants at all times acted in good faith, and for the benefit of Warren Hospital and the community it serves.  They cannot be held liable for Plaintiff's frustration at the fact that it did not receive some additional, speculative windfall over and above the massive profit it already reaped from the payoff or redemption of the discounted note it purchased from Wells Fargo.  There is no possible further amendment to the First Amended Complaint that would cure the defects discussed herein.  Simply put, no claim for breach of contract based on the Post Foreclosure Agreement has been or can be made.  As a result, Defendants respectfully request that this Honorable Court dismiss Liberty Bell's sole claim for breach of contract with prejudice.

### B.     Plaintiff's Asserted Damages Are Unsupportable

Plaintiff's asserted damages in excess of $5,000,000, plus interest, costs and attorneys' fees, are without basis, are completely speculative, and

ignore the massive windfall profit Liberty Bell received.  Lost profit may be recovered as compensatory or consequential damages for a breach of contract if they were reasonably foreseeable at the time the contract was made.  *Magnet Resources, Inc. v. Summit MRI, Inc.,* 318 N.J. Super. 275, 293, 723 A.2d 976 (App. Div. 1998); *George H. Swatek, Inc. v. N. Star Graphics, Inc.,* 246 N.J. Super. 281, 285, 587 A.2d 629 (App. Div. 1991); Restatement (Second) of Contracts, § 351 (1981).  The plaintiff also must show causation, "that [the] profits were lost as a result of the actionable conduct complained of."  *Cromartie v. Cartaret Sav. & Loan,* 277 N.J.Super. 88, 103, 649 A.2d 76 (App. Div. 1994).  Additionally, the amount of lost profit cannot be speculative. Rather, "[t]here must always be a reasonably accurate and fair basis for the computation of alleged lost profits." *J.L. Davis & Assocs. v. Heidler,* 263 N.J. Super. 264, 276, 622 A.2d 923 (App. Div. 1993) ((quoting *Borbonus v. Daoud,* 34 N.J. Super. 54, 61, 111 A.2d 443 (Ch. Div. 1955)).

Liberty Bell's First Amended Complaint fails to establish the basis of its calculations with particularity, demonstrate the foreseeability of those damages at the time of contracting, or state any reasonably probable causal connection between the claimed lost profit and Defendants' alleged acts.

Plaintiff fails to plead that Defendants have committed acts or omissions which relate to an actual breach of any existing contract between the parties. Thus Plaintiff's claim for damages must fail as a matter of law.

## IV.   **CONCLUSION**

Plaintiff's First Amended Complaint should be dismissed with prejudice by this Honorable Court because, assuming the facts exist as set forth in the First Amended Complaint, there is no basis in law for a claim against Defendants for breach of the Post Foreclosure Agreement predicated upon non-party Hillcrest's redemption of the Property and/or Plaintiff's failure to obtain title to the Property.  That Plaintiff's claimed damages are baseless, unforeseeable, speculative and lack a causative link only lends further support for Defendants' instant motion before this Honorable Court seeking an order of dismissal with prejudice.

There is simply no interpretation of the Post Foreclosure Agreement or any other agreement involving the Defendants which can form the basis of any legitimate claim for breach of contract or otherwise.   There is no other reasonable interpretation of the plain contract terms.    Therefore, Plaintiff's claim must fail.

                    SILVERANG, DONOHOE,
                    ROSENZWEIG & HALTZMAN, LLC


Dated: October 30, 2013         By: ___/s/ Philip S. Rosenzweig___
                    Philip S. Rosenzweig, Esq.
                    Attorney ID No. 02021199
                    595 East Lancaster Ave., Ste. 203
                    St. Davids, PA 19087
                    610-263-0115

                    *Attorney for Defendants*
                    *Warren Hospital,*
                    *WH Memorial Parkway Investors,*
                    *Warren Health Care Alliance, P.C.,*
                    *and Two Rivers Enterprises, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LIBERTY BELL CAPITAL II, LP** | : |
| | : |
| **Plaintiff,** | :   **Civil Action No.** |
| | :   **13-CV-04241-FLW-TJB** |
| **vs.** | : |
| | : |
| **WARREN HOSPITAL,** | : |
| **WH MEMORIAL PARKWAY** | : |
| **INVESTORS, L.L.C., WARREN** | : |
| **HEALTH CARE ALLIANCE, P.C.,  and** | : |
| **TWO RIVERS ENTERPRISES, INC.** | : |
| | : |
| **Defendants.** | : |
| | : |

## CERTIFICATE OF SERVICE

I, Philip S. Rosenzweig, Esquire, hereby certify that this 30th day of

October, 2013, I served a true and correct copy of the foregoing Defendants'

Reply Brief in Support of Their Motion to Dismiss Plaintiff's First Amended

Complaint Pursuant To FED. R. CIV. P. 12(b)(6) via the Court's electronic

filing system, where the same is available for downloading and viewing, via

electronic mail, and via U.S. Mail, first class, postage prepaid, upon the

following:

{00414340;2}

Alan L. Frank, Esquire
ALAN L. FRANK LAW ASSOCIATES, P.C.
135 Old York Road
Jenkintown, PA  19046


/s/ Philip S. Rosenzweig
Philip S. Rosenzweig, Esquire